*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

### ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-260

FEBURARY TERM, 2013

| | | |
|---|---|---|
| Kashka Orlow | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Chittenden Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Erika Dinkel | } | DOCKET NO. S0025-12 Cnsa |

Trial Judge: Geoffrey W. Crawford

In the above-entitled cause, the Clerk will enter:

Defendant appeals a stalking-prevention order issued by the civil division of the superior court. We affirm.

Plaintiff sought a stalking-prevention order against defendant, who lived in the same apartment building as her, based on a series of incidents that occurred between the parties. Following a hearing, the superior court imposed the order for a period of six months, requiring defendant to stay away from plaintiff and her children. Defendant appeals, raising four issues.

First, defendant argues that the court erred in concluding that she stalked plaintiff insofar as her actions did not demonstrate a course of conduct or continuity of purpose. She asserts that neither the court's written order nor its oral findings at the hearing establish a course of conduct sufficient to satisfy the stalking statute. She further states that the one incident of actual contact cannot satisfy the statutory definition of stalking because it was initiated by plaintiff.

Under 12 V.S.A. § 5133(b), a person seeking an order against stalking "ha[s] the burden of proving by a preponderance of the evidence that the defendant stalked . . . the plaintiff." Stalking is defined as a

> course of conduct which consists of following or lying in wait for a person, or threatening behavior directed at a specific person or a member of the person's family, and: (A) serves no legitimate purpose; and (B) would cause a reasonable person to fear for his or her safety or would cause a reasonable person substantial emotional distress.

Id. § 5131(6). "Course of conduct" is defined as "a pattern of conduct of two or more acts over a period of time, however short, evidencing a continuity of purpose." Id. § 5131(1). "Threatening behavior" is defined as "acts which would cause a reasonable person to fear unlawful sexual conduct, unlawful restraint, bodily injury, or death, including verbal threats, written, telephonic, or other electronically communicated threats, vandalism, or physical contact without consent." Id. § 5131(8).

In this case, at the hearing, plaintiff describes a number of incidents in which defendant dumped cigarette butts outside her apartment and on her car, verbally abused her and her children, threatened her life, and struck her on one occasion. Plaintiff testified that defendant engaged in this conduct in retaliation for plaintiff refusing to associate with defendant anymore because of defendant's drug use. The incidents described by plaintiff at the hearing, which the court explicitly found to be credible, were sufficient to satisfy the statutory definition of stalking set forth above. Moreover, the court's oral findings on the record are sufficient to support its order based on that statute. The court checked the box on the order form indicating that defendant had engaged in threatening behavior—including verbal threats—that would cause a reasonable person to fear bodily injury. As noted, at the conclusion of the hearing, the court noted, and found credible, plaintiff's testimony that plaintiff had engaged in threatening and intimidating behavior against her and her children on several occasions—including threatening to kill her and striking her. Defendant's claim of insufficient findings is unavailing.

Second, defendant argues that although the court found that she assaulted plaintiff, an assault is not sufficient to satisfy the definition of stalking, particularly when, as here, plaintiff initiated the contact with defendant shortly before the assault. We find this argument unavailing. The assault was only one of several incidents described by plaintiff and found to be credible by the court. Further, the fact that plaintiff initially approached defendant in the particular incident resulting in defendant's assault of plaintiff does not demonstrate that defendant did not stalk plaintiff.

Third, defendant reiterates that when the assault occurred, plaintiff was in violation of a valid no-trespass order. Even if we assume that plaintiff was in violation of a no-trespass order during the incident when defendant assaulted plaintiff, this would not demonstrate that defendant did not stalk plaintiff, given the overall evidence of the incidents described by plaintiff and found credible by the court.

Finally, noting the court's acknowledgement of some mutuality in the conflict between the parties, defendant argues that a mutual dispute cannot amount to stalking. The fact that the court recognized that this conflict—like most if not all conflicts—involves two sides does not undermine its conclusion, which is supported by the evidence, that defendant engaged in a course of threatening conduct that supported the stalking-prevention order.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Brian L. Burgess, Associate Justice

2